

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------x
CHARLES SIMON,

                Plaintiff,

        -against-

DANNY BICKELL and JEFF ATKINS,
United States Supreme Court Clerks;
WYNNE P. KELLY, Assistant United States
Attorney, JOHN DOE #1, JOHN DOE #2,
and JOHN DOE #3, United States Attorneys;
FEDERAL PRISON INDUSTRIES INC.;
and STEVE SCHALB, Chief Operating
Officer,

                Defendants.
------------------------------------------------------x

FILED
CLERK

09 OCT -9 PM 4:45

U.S. DISTRICT COURT
EASTERN DISTRICT
OF NEW YORK

**MEMORANDUM AND ORDER**
09-CV-4350 (ENV)

VITALIANO, United States District Judge:

    *Pro se* plaintiff Charles Simon filed the instant complaint and "Order to Show Cause For Preliminary Injunction Pursuant First Amendment Deprivation" on October 9, 2009. Plaintiff paid the required $350 filing fee to bring this action. This case shall be transferred to the United States District Court for the District of Columbia.

    The relevant venue provision is found at 28 U.S.C. § 1391(b), which provides that:

> A civil action wherein jurisdiction is not founded solely on diversity of citizenship may, except as otherwise provided by law, be brought only in (1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, ... or (3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought.

28 U.S.C. § 1391(b).

    Since all defendants reside in the District of Columbia, claims alleged in the complaint relate to plaintiff's attempts to appeal from an order entered in an action docketed in the United

States District Court for the District of Columbia, and no events complained of by plaintiff occurred in this District, the United States District Court for the Eastern District of New York is not the appropriate court in which to file this action. If an action is filed in the wrong district court, a court "shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a).

Accordingly, in the interest of justice, the Clerk of Court is hereby directed to transfer this case to the United States District Court for the District of Columbia. 28 U.S.C. § 88; 1406(a). A ruling on plaintiff's request for preliminary injunctive relief is reserved for the transferee Court. The Court offers no opinion on the merits of the action. That provision of Local Rule 83.1 which requires a five day stay is hereby waived.

SO ORDERED.

Dated: Brooklyn, New York
October 9, 2009

ERIC N. VITALIANO
United States District Judge